AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

United States of America
v.

Edward Kriglstein

*Defendant(s)*

Case No. 16-MJ-487

FILED
At Albuquerque NM
FEB 09 2016
MATTHEW J. DYKMAN
CLERK

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of 2/8/2016 in the county of Bernalillo in the District of New Mexico, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 841(a)(1) and (b)(1)(B) | Possession of a Controlled Substance With the Intent to Distribute |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Jeffrey S. McKinley, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/9/2016

City and state: Albuquerque, NM

*Judge's signature*

William P. Lynch
*Printed name and title*

## AFFIDAVIT

I, Jeffrey S. McKinley, Special Agent of the Drug Enforcement Administration (DEA), being duly sworn, depose and state:

I am a Special Agent (SA) of the Drug Enforcement Administration and have been so employed since August 2010. I am currently assigned to the DEA Albuquerque District Office, specifically assigned to investigate federal drug offenses. I am a law enforcement officer of the United States within the meaning of Title 18, United States Code Section 2510(7), who is empowered to conduct investigations of, and make arrests for, narcotic offenses enumerated in Title 18, United States Code Section 2516. I have successfully completed the DEA Basic Agent Training Academy at the DEA Academy in Quantico, Virginia. This training included instruction in the investigation of federal drug crimes including, but not limited to Title 21, United States Code Sections 841, 846, 959, and Title 18 United States Code Sections 2, 1956, and 1957. I have discussed with numerous law enforcement officers, defendants, and informants, the methods and practices used by narcotic distributors. I have acted in an undercover capacity and have been the affiant on numerous federal and state search warrants, complaints, and have testified in court in the area of narcotics on numerous occasions.

The facts set forth in this affidavit are known to me as a result of my investigation and interviews with other agents and law enforcement officers. These are not all the facts known to me throughout the course of this investigation, but rather only those that are essential to establish probable cause for charging a complaint against **Edward Kriglstein** for the federal violations listed herein.

This Affidavit is made in support of the issuance of a Criminal Complaint charging **Edward Kriglstein** with a violation of Title 21 USC §§ 841(a)(1) and (b)(1)(B), Possession With the Intent to Distribute Methamphetamine.

## PROBABLE CAUSE

On February 8, 2016, Agent Jeff McKinley, DEA Task Force Officer Biff Kellum, Bernalillo County Sheriff's Deputy Sgt. David Funes and Bernalillo County Detective Jerry Koppman were attempting to locate Edward Kriglstein regarding an active arrest warrant out of Bernalillo County, New Mexico, for the offense of Violation of Probation for Trafficking a Controlled Substance and Possession of a Controlled Substance. The cause number of the warrant was D-202-CR-2009-03345. Agents and Deputies received information Kriglstein was operating a white Buick passenger vehicle, and was going to be in the area of the Village Inn at Juan Tabo and Lomas Boulevard. At approximately 10:42 p.m., Deputies observed a white Buick passenger vehicle pull into the south side of the Village Inn at Juan Tabo and Lomas in Albuquerque, New Mexico. Deputies Koppman and Funes pulled behind the vehicle, as SA

McKinley arrived seconds later.  Deputies began approaching the vehicle, and SA McKinley observed the driver turn toward the driver's side window.  SA McKinley recognized the driver, who proved to be the sole occupant of the vehicle, as Edward Kriglstein.  Deputies ordered Kriglstein from the vehicle, and he was handcuffed by Deputy Koppman.

The aforementioned arrest warrant was again confirmed.  SA McKinley asked Kriglstein his name and date of birth, and he refused to give either.  Deputies then began to inventory Kriglstein's vehicle pursuant to his arrest, and SA McKinley spoke with the Village Inn manager on duty at the time, and she advised SA McKinley she wanted the vehicle towed from the lot if the owner was being arrested.

During the inventory of the vehicle, Deputies Koppman and Funes located, in the trunk of the vehicle within a tool bag, a plastic bag containing a crystalline substance believed to be methamphetamine.  SA McKinley later field tested the substance, which tested positive for methamphetamine and weighed an approximate 153.5 gross grams.  Additionally, in the trunk of the vehicle, Deputies located a mason jar containing a substance believed to be marijuana, a set of digital scales, a small notebook containing numerous names and number notations believed to a "drug ledger".  Further, Deputies located an open box of Great Value brand sandwich baggies near the suspected marijuana, which is often indicative of drug trafficking, as well as one Samsung cellular phone which was nearly fully charged.  Deputies also located pills within four small Ziploc bags.  As of the writing of this document, the pills have yet to be identified.  Additionally, Deputies located a large amount of U.S. currency on Kriglstein's person.  The currency has yet to be counted.

Agents attempted to speak with Kriglstein, but he stated he wished to speak to his attorney before answering questions.  Kriglstein later answered routine booking questions for Task Force Officer Kellum, and notably stated he was transient at present.

Based on the aforementioned information, Edward Kriglstein knowingly and intentionally Possessed With The Intent to Distribute a Controlled Substance, to wit methamphetamine, contrary to 21 USC §§ 841(a)(1) and (b)(1)(B).

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
Jeffrey S. McKinley
Special Agent
U.S. Drug Enforcement Administration
Albuquerque District Office

Sworn before me on this the 9th day of February, 2016

*William P. Lynch*
United States Magistrate Judge
New Mexico Judicial District
Albuquerque, New Mexico